UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ANTUNEZ-SANTOS,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-07587-DC-AC (HC)<br><br><u>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). A petitioner must be "incarcerated—or, as here, in [immigration] custody—at the time a habeas petition is filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Noncitizens who entered the United States without admission and "are apprehended in the interior of the United States are subject to the [discretionary] detention regime of [8 U.S.C.] § 1226, not [8 U.S.C.] § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026).

Further, this court has previously addressed the legal issues raised by Count One of the

petition. (Doc. No. 1 at 9.) Specifically, this court has held that noncitizens who are unlawfully present in the United States, and who live at liberty here for an extended period with the Government's knowledge, are entitled to a pre-deprivation bond hearing before they may be detained by immigration authorities. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering immediate release of petitioner who remained in United States following expiration of her visa where the Government "had recurrent notice that [the p]etitioner remained in the United States long after the expiration of her B-2 visa and corresponding status"); *Kaur v. Chestnut*, No. 1:26-cv-05349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-05774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same).

On September 24, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 7.)

On September 28, 2026, Respondents filed their opposition to Petitioner's motion for temporary restraining order in which they concede that Petitioner's detention is discretionary under 8 U.S.C. § 1226(a) but contend that Petitioner has not yet requested a bond hearing as required under 8 C.F.R. § 1003.19(b). (Doc. No. 8 at 3.) Thus, Respondents contend that Petitioner "is lawfully detained pending his removal proceedings under Section 1226." (*Id.* at 4.) Respondents' opposition omits, however, that Petitioner was known to immigration authorities long before his recent detention. Specifically, the documentation attached to Respondents' opposition indicates that Petitioner filed an application for temporary protected status in February 2023, which was denied in June 2023. (Doc. No. 8 at 13.) Petitioner then filed an application for asylum and withholding of removal in July 2023, which remains pending. (*Id.*) Finally, Petitioner

re-applied for temporary protected status in August 2023; that application remains pending. (*Id.*) Thus, Respondents have had actual knowledge of Petitioner's life in the United States for at least three years through at least three applications, two of which remain pending. Numerous courts in the Ninth Circuit have found that noncitizens who have been permitted to live at liberty during the pendency of their applications for immigration relief maintain a constitutional liberty interest in their continued freedom, and that this liberty interest entitled them to a pre-deprivation bond hearing before the government may detain them. *Kharitonova v. Alabbarn*, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (stating that noncitizen not previously detained by immigration authorities who had a pending asylum application at the time of her detention maintained liberty interest because "[a]lthough the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained"); *Hernandez v. Current or Acting Warden of Cent. Valley Annex Ice Det. Facility*, No 1:26-cv-06066-VC, 2026 WL 2766944, at *2 (E.D. Cal. Sep. 17, 2026) ("Judges throughout the Ninth Circuit have repeatedly held, on facts materially similar to these, that a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process.") (collecting cases). This court joins its sister courts in finding that noncitizens who have lived at liberty during the pendency of their removal proceedings with the government's knowledge, including those with pending applications for immigration relief, are constitutionally entitled to a pre-deprivation bond hearing before they may be detained by immigration authorities. *See Hernandez*, 2026 WL 2766944, at *3 (emphasizing that the government "identified no reason a custody hearing could not have preceded, rather than followed, petitioner's detention, and a pre-deprivation hearing imposes only the ordinary administrative burden of a proceeding the Government must ultimately conduct under § 1226(a)").

Respondents further allege that Petitioner was detained following his arrest for possession of a controlled substance, maintaining/operating controlled substance production,

manufacturing/distributing heroin, possession within 500 feet of certain public property, possession of a prohibited weapons device, and two counts of abuse/neglect of a child. (Doc. No. 8 at 2.) These charges remain pending. (*Id.*) Respondents offer no argument, however, as to why these pending charges mitigate Petitioner's constitutional right to pre-deprivation process. *See Bonilla Urbina v. Current or Acting Warden of Cal. City Det. Facility*, No. 1:26-cv-08020-DC-JDP, Doc. No. 11 (E.D. Cal. Oct. 13, 2026) (granting motion for a temporary restraining order and habeas petition where government contended noncitizen's recent arrest made immigration detention without pre-deprivation process lawful but did not offer argument supporting contention).

Respondents confirm in their opposition that they "do not oppose the Court ruling on the habeas petition without further briefing." (Doc. No. 8 at 1.) Petitioner opted not to file a reply brief and thus has not affirmatively opposed the court simultaneously ruling on the habeas petition and motion for temporary restraining order.

The court joins its sister courts in finding that the constitutional liberty interest discussed in *Oliveira* applies to noncitizens who have lived at liberty in the United States with the government's knowledge during the pendency of their removal proceedings. Thus, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 3) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in the court's order in *Oliveira Tinoco*.[1] *See Oliveira Tinoco*, 2026 WL 2949219, at *4–7. Further, as the court found in *Oliveira Tinoco*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's return to the "status quo ante litem, meaning [Petitioner's] last uncontested status immediately preceding detention." *Id.* at

[1] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

*6 (citation modified).

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 4) are GRANTED as follows:

   a. Petitioner Stevenson Polynice (A-232-292-853) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in July 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

   b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

   c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

   d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

   e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 14, 2026**

Dena Coggins
United States District Judge