UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ANTUNEZ-SANTOS,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-07587-DC-AC (HC)<br><br><u>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). A petitioner must be "incarcerated—or, as here, in [immigration] custody—at the time a habeas petition is filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Noncitizens who entered the United States without admission and "are apprehended in the interior of the United States are subject to the [discretionary] detention regime of [8 U.S.C.] § 1226, not [8 U.S.C.] § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026).

Further, this court has previously addressed the legal issues raised by Count One of the

petition. (Doc. No. 1 at 9.) Specifically, this court has held that noncitizens who are unlawfully present in the United States, and who remain here for an extended period with the government's knowledge, are entitled to a pre-deprivation bond hearing before they may be detained by immigration authorities. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering immediate release of petitioner who remained in United States following expiration of her visa where the government "had recurrent notice that [the p]etitioner remained in the United States long after the expiration of her B-2 visa and corresponding status"); *Kaur v. Chestnut*, No. 1:26-cv-05349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-05774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same).

On September 21, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 4.)

On September 23, 2026, Respondents filed their opposition to Petitioner's motion for temporary restraining order in which they concede that Petitioner's detention is discretionary under 8 U.S.C. § 1226(a), but allege that Petitioner received a bond hearing on September 3, 2026, at which the immigration judge denied Petitioner's request for release on bond. (Doc. No. 6 at 1.) Thus, Respondents contend that Petitioner's "detention remains lawful [under § 1226(a)] and constitutional during the pendency of his appeals, if any." (Doc. No. 6 at 2.) Respondents' opposition omits, however, that Petitioner was granted temporary protected status from October 27, 2000, to November 15, 2023. (Doc. No. 6-1 at 2.) The temporary protected status "permits certain nationals of [a] foreign state, who have continuously resided in the United States since the effective date of designation, to register for employment authorization and protection from

deportation for the duration of the TPS period." *Osorio Ortega v. Chestnut*, No. 1:26-cv-01085-DC-CSK, 2026 WL 539377, at *2 (E.D. Cal. Feb. 26, 2026) (quoting *Nat'l TPS All. v. Noem*, 150 F.4th 1000, 1010 (9th Cir. 2025). Here, Petitioner lived at liberty in the United States with the government's knowledge for over twenty years. Further, Petitioner was not detained until three years after the expiration of his protected status. Numerous courts within the Ninth Circuit have found that noncitizens who have lived at liberty without concern from the government pursuant to their temporary protected status develop a constitutional liberty interest in their continued freedom, and that this liberty interest entitles them to a pre-deprivation bond hearing before the government may detain them. *Pedro M.T.M. v. Warden, Cal. City Correction Ctr.*, No 1:26-cv-04862-MWJS, 2026 WL 1983261, at *1 (E.D. Cal. July 8, 2026) ("The mere fact that Petitioner's TPS has expired does not, standing alone, show that he has suddenly become a danger to the community or flight risk—especially given the government's decision to allow him to remain at liberty for more than two months after the expiration."); *Gonzalez v. Santacruz Jr.*, No. 2:26-cv-08978-DSR, 2026 WL 2675864, at *4 (C.D. Cal. Sep. 11, 2026) ("Numerous Federal Courts within the Ninth Circuit have recognized a constitutionally protected liberty interest in the conferral of TPS.") (collecting cases). This court joins its sister courts in finding that noncitizens who have been granted temporary protected status maintain a liberty interest in their continued liberty in the United States, and that a post-deprivation bond hearing is insufficient to protect that liberty interest. *See Gonzalez*, 2026 WL 2675864, at *7 ("It would not have been 'impracticable' for immigration authorities to provide Petitioner with a meaningful pre-deprivation process before detaining him during the roughly one year that followed the expiration of Petitioner's TPS. The record before this Court does not support the post-deprivation exception to the general rule requiring pre-deprivation notice and an opportunity to be heard.").

Respondents confirm in their opposition that they have "no objection to the Court ruling on the underlying Petition." (Doc. No. 6 at 1.) Petitioner opted not to file a reply brief and thus has not affirmatively opposed the court simultaneously ruling on the habeas petition and motion for temporary restraining order.

As this court found in *Oliveira Tinoco*, where the government is "not only aware of but

*approve[s] of* [a] noncitizen's [] presence in this country—that noncitizen develops a vested liberty interest in remaining free from detention when the government does not act to detain the noncitizen . . . within a reasonable time following the expiration of their [legal] status." *Oliveira Tinoco*, 2026 WL 2949219, at *5. The court further joins its sister courts in finding that the same reasoning in *Oliveira* applies to noncitizens who have been granted temporary protected status in the United States. Thus, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in the court's order in *Oliveira Tinoco*.[1] *See Oliveira Tinoco*, 2026 WL 2949219, at *4–7. Further, as the court found in *Oliveira Tinoco*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's return to the "status quo ante litem, meaning [Petitioner's] last uncontested status immediately preceding detention." *Id.* at *6 (citation modified).

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

    a. Petitioner Juan Carlos Antunez-Santos (A-094-262-198) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in July 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

    b. Respondents shall RETURN all of Petitioner's documents and possessions

---

[1] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

(e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 14, 2026**

Dena Coggins
United States District Judge